993 F.2d 887
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cornell WORTHEN, individually and on behalf of all other
persons similarly situated; Geraldine Leon, individually
and on behalf of all other persons similarly situated;
William Bell, individually and on behalf of all other
persons similarly situated; and Association of Black
Personnel In City Government--Department of Water and Power,
on behalf of its members, Plaintiffs-Appellants,
v.
DEPARTMENT OF WATER AND POWER OF the CITY OF LOS ANGELES;
Department of Personnel of the City of Los Angeles; City of
Los Angeles Board of Civil Service Commissioners; and
International Brotherhood of Electrical Workers, Local 18,
Defendants-Appellees.
William ANDERSON, on behalf of himself and others similarly
situated; Benjamin Quan, on behalf of himself and others
similarly situated; Wayman Johnson, on behalf of himself
and others similarly situated; Edward Solorzano, on behalf
of himself and others similarly situated; City of Los
Angeles Coalition for Equal Employment Opportunity, on
behalf of its members; Association of Black Personnel In
City Government--Department of Water and Power, on behalf of
its members; Los Angeles City Employees Asian American
Association, on behalf of its members; and Los Angeles City
Employees Chicano Association, on behalf of its members,
Plaintiffs-Appellants,
v.
DEPARTMENT OF WATER AND POWER OF the CITY OF LOS ANGELES;
Department of Personnel of the City of Los
Angeles; and Los Angeles Board of Civil
Service Commissioners,
Defendants-Appellees.
 No. 90-55667.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 6, 1993.
Decided May 17, 1993.
 
 1
 Before: NOONAN and LEAVY, Circuit Judges, and TANNER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 The representatives of a class of black clerical workers (collectively, "appellants") who were allegedly denied promotions under an affirmative action plan ("Plan") appeal from the district court's denial of relief in their Title VII action. We affirm.
 
 
 4
 Disparate impact is established when a facially neutral business practice is shown to have an adverse effect on a protected group. Griggs v. Duke Power Co., 401 U.S. 424, 431 (1971). "[A] plaintiff must demonstrate that it is the application of a specific or particular employment practice that has created the disparate impact under attack," Wards Cove Packing Co. v. Atonio, 490 U.S. 642, 657 (1989), by
 
 
 5
 offer[ing] statistical evidence of a kind and degree sufficient to show that the practice in question has caused the exclusion of applicants for jobs or promotions because of their membership in a protected group. The statistical disparities must be sufficiently substantial that they raise such an inference of causation.
 
 
 6
 Rose v. Wells Fargo & Co., 902 F.2d 1417, 1424 (9th Cir.1990) (internal citations and quotations omitted). The plaintiff must support his claim with affidavits or other documentary evidence, Lowe v. City of Monrovia, 775 F.2d 998, 1004 (9th Cir.1985), amended by order, 784 F.2d 1407 (1986), but simply showing that more members of one group than another were promoted is not enough to make out a claim of disparate impact. Wards Cove Packing, 490 U.S. at 655.
 
 
 7
 The appellants' statistical presentation is unsupported by the evidence, and the statistics quoted and relied on do not reveal that the appellants suffered a disparate impact under the Plan. In fact, there was evidence that blacks, who constitute 25% of the clerical unit work force eligible to bid, received 29.5% of the promotions. Accordingly, the appellants failed to prove the necessary elements of a disparate impact claim.
 
 
 8
 A complainant makes out a prima facie case of disparate treatment by showing membership in a protected class, application and qualification for a position the employer was seeking to fill, and rejection of his application while the position remained open and the employer continued to seek applicants with qualifications comparable to those possessed by the complainant. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Unlike the case of disparate impact, discriminatory intent on the part of the employer must be proven. International Bhd. of Teamsters v. United States, 431 U.S. 324, 335 n. 15 (1977).
 
 
 9
 [T]he plaintiff may establish a prima facie case by introducing evidence that give[s] rise to an inference of unlawful discrimination. The burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the challenged action. If the employer does so, then the burden returns to the plaintiff to prove that the articulated reason is pretextual.
 
 
 10
 Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1109 (9th Cir.1991) (citations and internal quotations omitted).
 
 
 11
 The appellants bore the burden of proving that the Plan was invalid under United Steelworkers v. Weber, 443 U.S. 193, 208 (1979), and this they failed to do. The evidence shows that the Plan arose out of a perceived imbalance in the numbers of minority members employed relative to their numbers in the local general population, the Plan is not grounded on an improper statistical base, and nothing in the Plan operates as an absolute or permanent bar to the advancement of black employees.[1]
 
 
 12
 Because we find no merit to any of the appellants' remaining arguments, the decision appealed from is AFFIRMED.
 
 
 
 *
 The Honorable Jack E. Tanner, Senior District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 By virtue of our holding on this point the appellants' equal protection argument under the Fourteenth Amendment also fails. See Officers for Justice v. Civil Serv. Comm'n, 979 F.2d 721, 726 (9th Cir.1992) (statistical evidence of disparity sufficient to warrant implementation of affirmative action plan satisfied "strong basis in evidence" test required under equal protection's strict scrutiny standard). See also Sischo-Nownejad, 934 F.2d at 1112-13 ("[42 U.S.C. s] 1983 provides a remedy for violations of the equal protection clause of the fourteenth amendment" and "a plaintiff who fails to establish intentional discrimination for purposes of Title VII ... also fails to establish intentional discrimination for purposes of § 1983")